UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| MARY E. KWIATKWOSKI,<br><br>Plaintiff,<br><br>v.<br><br>HARTFORD FIRE INSURANCE COMPANY, HARTFORD SPECIALTY COMPANY, and ROBERT DERESZ,<br><br>Defendants. | Case No. 2:08-CV-00730-APG-VCF<br><br>**ORDER** |

    The United States Court of Appeals for the Ninth Circuit remanded this action for the limited purpose of having this Court determine, in the first instance, whether it had diversity jurisdiction in this case. [Dkt. #64.] Following remand, the parties filed briefs regarding jurisdiction. [Dkt. ##71-74.] The case thereafter lay dormant and was reassigned twice to different judges. [Dkt. #77, #79.] On February 23, 2014, Plaintiff Mary Kwiatkowski filed a motion to reconsider the Order [Dkt. #52] issued by the Honorable Robert C. Jones which terminated this case and generated the appeal to the Ninth Circuit. I now determine this Court had jurisdiction when Defendants removed the action to this Court on June 5, 2008. I will not address Kwiatkowski's motion to reconsider because the Ninth Circuit's remand was limited to this Court determining whether it had jurisdiction over this matter.

    Diversity jurisdiction requires that all plaintiffs be "citizens of different states" from all defendants, and that the amount in controversy exceeds $75,000. 28 U.S.C. § 1332. In a removed case, the defendant bears the burden of establishing that the federal court has subject matter jurisdiction. *Geographic Expeditions, Inc. v. Estate of Lhotka ex rel. Lhotka*, 599 F.3d 1102, 1106-07 (9th Cir. 2010). Where, as here, a complaint does not specify an amount in controversy, the defendant must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000. *Guglielmino v. McKee Foods Corp.*, 506 F.3d 696, 699, 701 (9th

Cir. 2007). The Court may look to the facts alleged in the removal petition or summary judgment-type evidence submitted by the parties to determine whether the jurisdictional requirement was met at the time of removal. *Matheson v. Progressive Specialty Ins. Co.*, 319 F.3d 1089, 1090 (9th Cir. 2003). Conclusory allegations as well as speculative arguments as to the amount in controversy are insufficient. *Singer v. State Farm Mut. Auto. Ins.*, 116 F.3d 373, 377 (9th Cir. 1997). The facts are determined as of the time of removal. *See United Steel, Paper & Forestry, Rubber, Mfg., Energy, Allied Indus. & Serv. Workers Int'l Union, AFL-CIO, CLC v. Shell Oil Co.*, 602 F.3d 1087, 1091-92 (9th Cir. 2010) (stating that "post-filing developments do not defeat jurisdiction if jurisdiction was properly invoked as of the time of filing"). In making such analyses, district courts can make "reasonable deductions, reasonable inferences, or other reasonable extrapolations from the pleadings to determine whether it is facially apparent that a case is removable," and "may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements." *Roe v. Michelin N. Am., Inc.*, 613 F.3d 1058, 1061-62 (11th Cir. 2010) (internal quotation marks omitted).

Kwiatkowski brought suit in Nevada state court on April 30, 2008, asserting against Defendants claims for violation of Nevada Revised Statutes § 613.200, intentional interference with prospective economic advantage, intentional interference with contractual relations, civil conspiracy, declaratory relief, civil racketeering under Nevada law, and intentional infliction of emotional distress. [Dkt. #1.] Kwiatkowski sought as damages lost wages, salary, and benefits, emotional distress damages, punitive damages, and attorney's fees. Defendants removed the action to this Court on June 5, 2008. [*Id.*]

Defendants have met their burden of establishing by a preponderance of the evidence that more than $75,000 was in controversy at the time Defendants removed the action. Kwiatkowski brought a Nevada civil racketeering claim and alleged Defendants were "liable to the Plaintiff pursuant to NRS 207.470." [Dkt. #1 at 15.] Section 207.470(1) provides a civil action for racketeering injuries "for three times the actual damages sustained" and attorney's fees.

Consequently, any actual damages Kwiatkowski allegedly sustained could be trebled. Kwiatkowski contends I should not consider treble damages because the Complaint did not specifically request treble damages. However, the Complaint cited to the treble damage provision, and it defies common sense that Kwiatkowski was not seeking the treble damage remedy to which she cited and to which she would be entitled if she prevailed on her civil racketeering claim.

Kwiatkowski alleged in her Complaint that she was earning $65,000 per year ($1,250 per week) when she was wrongfully terminated on February 12, 2008 as a result of Defendants' conduct. [Dkt. #1.] Consequently, by the time Defendants removed the action 16 weeks and 2 days later, Kwiatkowski already had accumulated $20,500 in damages, trebled to $61,500.

Additionally, Kwiatkowski concedes she was seeking lost future wages. [Dkt. #73 at 3-4.] Kwiatkowski contends any lost future wages would be capped at $33,750 because in December 2008, her former employer laid off all of its employees. [*Id.*] I do not consider facts that had not occurred at the time of removal in June 2008, and there is no evidence that anyone knew in June 2008 that Kwiatkowski's employer would be sold and lay off all of its employees six months later. Nevertheless, even adopting Kwiatkowski's calculation of lost future damages, trebling those damages alone would exceed the jurisdictional amount. Even if Kwiatkowski's future lost wages were calculated at the time of removal as a modest one month's worth of damages for $5,000, when trebled and added to the lost past wages, the jurisdictional amount is satisfied. None of this even considers Kwiatkowski's requests for emotional distress damages, punitive damages, or attorney's fees. Based on this evidence, I conclude Defendants met their burden of proving by a preponderance of the evidence that this Court had diversity jurisdiction at the time of removal.

The Ninth Circuit's remand was limited to this Court determining whether it had jurisdiction over the case. [Dkt. #64 at 2 ("[W]e remand this matter to the district court for a determination of whether the amount in controversy is sufficient to establish jurisdiction.").]

Having resolved the limited issue the Ninth Circuit remanded to this Court to decide, I decline to consider Kwiatkowski's motion to reconsider.

IT IS THEREFORE ORDERED that in response to the United States Court of Appeals for the Ninth Circuit's limited remand of this action to this Court, I find this Court had diversity jurisdiction when the case was removed on June 5, 2008.

IT IS FURTHER ORDERED that Plaintiff's Motion to Reconsider Order Granting Summary Judgment [Dkt. #81] is hereby DENIED and the clerk of court shall close this action in this Court.

DATED this 24th day of September, 2014.

_____
ANDREW P. GORDON
UNITED STATES DISTRICT JUDGE